Filed
11/14/2014 7:16:54 PM
Annie Rebecca Elliott
District Clerk
Fort Bend County, Texas
Ashley Alaniz

NO. **14 DCV 214508**

| | | |
|---|---|---|
| **SKOPOS FINANCIAL, LLC**<br>**Plaintiff,**<br><br>**V.**<br><br>**ELAINE DUPLECHAIN D/B/A**<br>**COLLISION SPECIALIST and**<br>**SOLIZ AUTOMOTIVE, INC DBA**<br>**COLLISION SPECIALIST # 1**<br>**Defendant.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **IN THE DISTRICT COURT**<br><br>**400TH  JUDICIAL DISTRICT**<br><br>**FORT BEND COUNTY, TEXAS** |

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
1/15/2015 12:10:33 PM
CHRISTOPHER A. PRINE
Clerk

**PLAINTIFF'S MOTION FOR A NEW TRIAL**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Defendant, SOLIZ AUTOMOTIVE, INC. DBA COLLISION SPECIALIST # 1, Movant herein, in the interest of justice and fairness, moves this Court to set aside the judgment rendered on October 15, 2014, in the above-styled and numbered cause and to order a new trial and support of this motion shows:

I.

A.    The Court should grant a new trial because it erred in granting Plaintiff's Motion for Summary Judgment.  In Plaintiff's Summary Judgment, Plaintiff asserted its claim for breach of contract and conversion against the Defendant and that there was not any genuine issue of material fact as to any element of Plaintiff's causes of action.  Furthermore, Plaintiff contended that Plaintiff was entitled to judgment as a matter of law.  Plaintiff claimed in its Motion for Summary Judgment that the Defendant did not response to Requests for Admissions that were sent to Defendant on July 18, 2014.  Thus, the Requests for Admissions were deemed against the Defendant.  Requests for Admissions should not have been deemed against the Defendant and Summary Judgment should be set aside.



Date : Aug. 14th 06:22PM          CONFIRMATION OK
Name : COLL SPECIALIST 1
Fax. Tel :  281- 498-2747
No      FAX NUMBER      NAME      Start Time      Mode      Pages
100144 :1214-691-2984             06:22PM         ELECTRONIC    2

Exhibit "1"

# REQUEST FOR ADMISSIONS

**REQUEST FOR ADMISSION 1:** Admit the Vehicle was involved in a collision on February 23, 2014 in Houston, Texas.

**RESPONSE:** DENY

**REQUEST FOR ADMISSION 2:** Admit as a result of the collision, the Davises delivered the Vehicle to Collision Specialist at 11035 Bissonnet St., Houston, Texas for repair.

**RESPONSE:** DENY

**REQUEST FOR ADMISSION 3:** Admit You are an owner of Collision Specialist at that location.

**RESPONSE:** YES

**REQUEST FOR ADMISSION 4:** Admit Soliz Automotive, Inc., is also an owner. Of Collision Specialist.

**RESPONSE:** YES

**REQUEST FOR ADMISSION 5:** Admit the Davises obtained a loan car from Collision Specialist to use while their Vehicle was being repaired.

**RESPONSE:** NO CSI RENTED A VEHICLE TO THE DAVISES

**REQUEST FOR ADMISSION 6:** Admit they were alleged to have damaged the loan car, while it was in their possession.

**RESPONSE:** YES THE DAVISES RETURNED RENTAL CAR WITH DAMAGES

**REQUEST FOR ADMISSION 7:** Admit Collision Specialist has refused to release the Vehicle to Skopos until damages to the loan car were paid.

**RESPONSE:** NO UNTIL ALL CHARGES PAID

**REQUEST FOR ADMISSION 8:** Admit Collision Specialist has not repaired the Vehicle.

**RESPONSE:** YES

**REQUEST FOR ADMISSION 9:** Admit Collision Specialist has refused to allow an insurance adjuster to inspect the Vehicle and adjust a claim.

**RESPONSE:** NO

**REQUEST FOR ADMISSION 10:** Admit Collision Specialist does not assert a Worker's Lien for the Vehicle pursuant to Chapter 70 of the Texas Property Code, or any other statute.

**RESPONSE:** NO

**REQUEST FOR ADMISSION 11:** Admit Defendant Collision Specialist has possession, custody, and control of the Vehicle.

**RESPONSE:** YES

**REQUEST FOR ADMISSION 12:** Admit Skopos has made demand to Collision Specialist to surrender possession of the Vehicle or disclose its exact location to Skopos.

**RESPONSE:** YES

**REQUEST FOR ADMISSION 13:** Admit Skopos made demand to Collision Specialist, to release the Vehicle by certified mail on or about April 22, 2014.

RESPONSE: YES

**REQUEST FOR ADMISSION 14:** Admit Collison Specialist has without justification failed or refused, and continues to fail or refuse to release the Vehicle or state any legal reason for its detention.

RESPONSE: No

**REQUEST FOR ADMISSION 15:** Admit Collision Specialist, and its owners, have no right to possession of the Vehicle superior to that of Skopos.

RESPONSE: NO

**REQUEST FOR ADMISSION 16:** Admit Collision Specialist has exercised, and continue to exercise, possession and dominion over the Vehicle inconsistent with Skopos's rights, and have thereby converted the Vehicle.

RESPONSE: YES

**REQUEST FOR ADMISSION 17:** Admit You, together with others, have engaged in a civil conspiracy to convert the Vehicle and deprive Skopos of its right to possession of it.

RESPONSE: NO

**REQUEST FOR ADMISSION 18:** Admit Skopos is damaged in an amount for which You are liable.

RESPONSE: NO

## INTERROGATORIES

**INTERROGATORY NO. 1:** Have You filed a Worker's Lien (or mechanic's lien) Affidavit as provided for by the Texas Property Code, Chapter 70? If so, when did you send the notice to Skopos? When did you conduct a public sale, if any?

RESPONSE: NO

**INTERROGATORY NO. 2:** Do You contend that You have a worker's lien or mechanic's lien on the Vehicle for repairs made to the loan car?

RESPONSE: YES

Answered by David Soliz o/b/o SA Inc. dba Collision Specialist to the best of his knowledge
David Soliz

I David Soliz certify that a true and correct copy was faxed to all parties of record on August 14th 2014

David Soliz

PLAINTIFF'S REQUEST FOR DISCLOSURE, FIRST REQUEST FOR ADMISSIONS AND FIRST SET OF INTERROGATORIES TO DEFENDANT SOLIZ AUTOMOTIVE, INC. DBA COLLISION SPECIALIST

PAGE 7

The core of Plaintiff's argument in prevailing in the hearing on Plaintiff's Motion for Summary Judgment was the use of the deemed Requests for Admissions against Defendant. The deemed Requests for Admissions were used to show that there was not any genuine issue of material fact as to any element of Plaintiff's causes of action. Specifically, Plaintiff in its Motion for Summary Judgment used the following deemed Request for Admissions to prevail:

1. Request for Admission # 3 that Soliz Automotive, Inc. is an owner of Collision Specialist.

2. Request for Admission # 6 that Collision Specialist has refused to release the Vehicle until damages to a loaned vehicle were paid

3. Requests for Admission # 8 that Collision Specialist has not repaired the Vehicle.

4. Requests for Admission # 9 that Collision Specialist refused to allow an insurance adjuster to inspect the Vehicle and adjust a claim.

5. Request for Admission # 10 that Collision Specialist does not assert a Worker's Lien pursuant to Chapter 70 of the Texas Property Code, or any other statute.

6. Request for Admissions # 11 that Plaintiff has made demand that the Defendant surrender possession of the Vehicle or disclose its exact location to the Plaintiff.

7. Requests for Admission # 13 that a demand was made to Collision Specialist by certified mail on April 22, 2014 and that not any response was received.

8. Requests for Admission # 17 that Defendant with others have engaged in a civil conspiracy to convert the Vehicle and deprive Plaintiff of its right to possession of it.

Mr. David Soliz as pro se for Soliz Automotive, Inc. d/b/a Collision Specialist attended the Summary Judgment hearing. Additionally, Mr. Soliz as pro se for Soliz Automotive, Inc. d/b/a Collision Specialist responded to the Requests for Admissions on August 14, 2014. (See Exhibit 1). Also, Mr. David Soliz on behalf of Soliz Automotive, Inc. d/b/a Collision Specialist filed a response to Plaintiff's Motion for Summary Judgment on or about October 10, 2014. Thereafter, on or about October 10, 2014, Plaintiff filed a motion striking Defendant summary judgment response on the ground that David Soliz is not a licensed attorney and may not

represent the Corporation in a court proceeding in state district court. Thus, the Summary Judgment was granted.

In accordance with the case of *Wheeler v. Green*, this Summary Judgment should be set aside. *Wheeler v. Green*, 157 S.W.3d 439 (Tex 2005). In this case in which Sandra Wheeler was a pro se the Court stated,

> "Sandra appealed, asserting that summary judgment based on nothing but the deemed admissions was erroneous. The court of appeals affirmed pointing out that Sandra never responded to the summary judgment and never moved to withdraw her deemed admissions, and "even in custody cases, a complete failure to follow the rules of pleading and practice cannot be ignored." 119 S.W.3d 887, 891. While we agree that no one ignore the rules, we disagree that the rules here required judgment against Sandra by default. *Id.* At 442.

Furthermore, the Court stated in this case:

> "First, Sandra was not required to file a summary judgment response, and the trial court could not grant Darrin's motion because she failed to do so. *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222-23 (Tex 1999). Second, although Sandra never filed a motion to withdraw deemed admissions or a motion to allow a late response to the summary judgment, the arguments and requests in her motion for new trial were sufficient to put the trial court on notice of exactly that complaint. See Tex. R..App.P. 33.1(a)." *Id.* At 442

Also, the Court stated in this case:

> "Third, Sandra did not waive these arguments by presenting them for The first time in her motion for new trial. We recently held in *Carpenter v. Cimarron Hydrocarbons Corp.* that the equitable principles Allowing these arguments to be raised in a motion for new trial do Not apply if a party realizes its mistake before judgment and has other Avenues of relief avenues of relief available. 98 S.W.3d 682, 686 (Tex. 2002) (distinguishing *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124 (1939)). But nothing in this record suggests that before summary Judgment was granted, Sandra realized that her responses were late, that She needed to move to withdraw deemed admissions, or that she needed to File a response to the summary judgment raising either argument. Accordingly, we hold she was entitled to raise them in her motion for New trial. *Id.* At 442.

Likewise, in this case, David Soliz on behalf of Soliz Automotive, Inc. d/b/a Collision Specialist # 1 did not realize his responses were not proper, that he needed to withdraw deemed admissions, or that he needed to hire counsel on behalf of the corporation to file a response to the summary judgment raising either argument.

II.

A.      Movant requests a hearing on the allegations raised herein.

**WHEREFORE, PREMISES CONSIDERED**, Movant prays this Court will vacate the judgment in this matter and will grant Movant a new trial for the grounds specified herein and in the interest of fairness and justice, and for such other and further relief that may be awarded at law or in equity.


Respectfully submitted,


By: /s/Chadrick S. Henderson
Chadrick S. Henderson
Texas Bar No. 00797854
POB 88323
Houston, Texas 7728
Tel. (713) 713-0480
Fax. (713) 234-1470
Attorney for Defendant
SOLIZ AUTOMOTIVE, INC. D/B/A COLLISION
SPECIALIST # 1

## NOTICE OF HEARING

The above and foregoing Plaintiff's Motion for New Trial is set for hearing on

_____ at _____, in the  Judicial District Court of FORT BEND County,

Texas.




_____

Chadrick S. Henderson

## CERTIFICATE OF SERVICE

I certify that on November 14, 2014 a true and correct copy of Defendant's Motion for New Trial was served by fax on Robert J. Reagan at (214) 691-6622.



/s/ Chadrick S. Henderson
Chadrick S. Henderson